# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

January 27, 2006

William McCool
Clerk, U.S. District Court
U.S. Courthouse
401 SE 1ST AVE
GAINESVILLE FL 32601-5806

**Appeal Number: 06-10320-I**
Case Style: In Re: Nathan Gambles
District Court Number:

The enclosed order has been entered. No further action will be taken in this matter.

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Pamela Allen (404) 335-6188

Encl.

DIS-4 (3-2005)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JAN 2 7 2006

THOMAS K. KAHN
CLERK

NO. 06-10320-I

IN RE: NATHAN GAMBLES,

Petitioner.

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255



Before TJOFLAT, HULL and WILSON, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Nathan Gambles has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application

satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

As an initial matter, we must determine whether the instant § 2255 motion would be second or successive. In his application, Gambles indicates that he has not filed a prior § 2255 motion. We have no record of a prior § 2255 motion by Gambles before us. Accordingly, to the extent that Gambles has not filed a prior § 2255 motion that would render the proposed § 2255 motion second or successive, we DENY HIS APPLICATION AS UNNECESSARY. Alternatively, if Gambles has filed a prior § 2255 motion that was dismissed with prejudice, then he must obtain our permission to proceed.

In his application, Gambles indicates that he wishes to claim in a second or successive § 2255 motion that his sentence is unconstitutional. Gambles asserts that his claim relies upon a new rule of constitutional law, but does not state the rule of law in his application.

Accordingly, to the extent that Gambles has filed a prior § 2255 motion that would render the proposed § 2255 motion second or successive, because he has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.

A True Copy - Attested
Clerk, U.S. Court of Appeals
Eleventh Circuit

_____
Deputy Clerk
Atlanta, Georgia

2